Anthony M. Nicastro
Chad M. Knight, Esq.
Cash K. Parker, Esq.
HALL & EVANS, LLC
175 North 27th Street, Suite 1101
Billings, Montana 59101
Email: nicastroa@hallevans.com
knightc@hallevans.com
parkerc@hallevans.com
Telephone: (406) 969-5227
Facsimile: (406) 969-5232

*Attorneys for BNSF Railway Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| TIMOTHY S. McDOWELL, Personal Representative of the Estate of SUSAN K. McDOWELL, Deceased, | Case No. _____ |
| Plaintiff, | **BNSF RAILWAY COMPANY'S NOTICE OF REMOVAL** |
| vs. | |
| BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, a Delaware for Profit Corporation; BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware Profit Corporation; GREAT NORTHERN RAILWAY COMPANY, a Corporation for Profit; ROBINSON INSULATION COMPANY, a defunct Montana Corporation; STATE OF MONTANA, a Governmental Entity; LIBBY PUBLIC SCHOOLS; LIBBY | |

1

SCHOOL DISTRICT #4; ASA WOOD
ELEMENTARY SCHOOL; and DOES
A - Z, Inclusive;

        Defendants.

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MONTANA:

        PLEASE TAKE NOTICE that Defendant BNSF Railway Company

("BNSF") hereby removes to this Court Cause No. ADV-14-315 currently pending

before the Montana Eighth Judicial District Court for Cascade County (the "State

Court Action") pursuant to 28 U.S.C. § 1441 and 1446, and respectfully shows as

follows:

## I.    INTRODUCTION

        1.    On or about April 16, 2014, plaintiff in this action filed his Complaint

in the State Court Action against Defendants Burlington Northern Santa Fe

Railway Company, Burlington Northern Railroad Company, Great Northern

Railway Company, Robinson Insulation Company, the State of Montana, Libby

Public Schools, Libby School District #4, Asa Wood Elementary School, and Does

A - Z.  The Complaint was not served on BNSF until May 31, 2016.  A copy of the

Complaint in the State Court Action is included within Exhibit A.

        2.    Plaintiff's allegations center upon personal injuries his wife allegedly

sustained prior to her death as a result of exposure to asbestos from vermiculite

mining operations in Libby, Montana conducted by W.R. Grace and Company, Compl. ¶ 21, which has gone through bankruptcy reorganization and is not named in the Complaint.  Plaintiff alleges that his wife came into contact with employees of the W.R. Grace mine, and such contact caused her to be exposed to hazardous asbestos fibers.  Compl. ¶ 24.  The Complaint also alleges that W.R. Grace was aware of the health hazards from its mining operations but "conceal[ed] . . . this human health disaster from the public" and plaintiffs.  *E.g.*, Compl. ¶ 76.

3.    Plaintiff alleges that each of the defendants has some responsibility for his wife's alleged exposure to W.R. Grace's asbestos-containing vermiculite, which he contends caused Mrs. McDowell's injury.  For example, plaintiff alleges that BNSF, a railroad W.R. Grace used to transport vermiculite from the mining operations to other locations, negligently transported W.R. Grace's product.  *See* Compl. ¶ 17.  Plaintiff thus asserts causes of action against BNSF for negligence and common law strict liability.  *See* Compl. ¶¶ 86-97.  Based upon these theories of liability and the claims against the other defendants, plaintiff seeks relief in the form of past and future medical expenses, lost earnings, loss of earnings capacity, past and future physical and mental pain and suffering, "loss of and damage to their established course and way of life," emotional distress, wrongful death damages, and punitive damages.  *See* Compl. ¶¶ 147-153.

## II.    REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1441(A).

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §
1332 because this is a civil action in which there is complete diversity of
citizenship between plaintiff and the properly joined defendants, and the amount in
controversy exceeds the sum of $75,000 exclusive of interest and costs.

5.     Plaintiff Timothy McDowell is a citizen and resident of the State of
Washington.  Compl. ¶ 1.  At the time of her death on November 6, 2012, Susan
McDowell was a citizen and resident of the State of Washington.  Compl. ¶ 1.

6.     BNSF is a Delaware corporation with its principal place of business in
Texas.  The complaint also names as defendants two of BNSF's predecessor
companies, Burlington Northern Railroad Company (which was a Delaware
corporation with its principal place of business in Ft. Worth, Texas) and Great
Northern Railway Company (which was a Montana corporation with a principal
place of business in St. Paul, Minnesota).  Great Northern Railway Company was
merged into Burlington Northern Railroad Company, and then Burlington
Northern Railroad Company was merged into BNSF prior to the filing of the
Complaint.

7.     Robinson Insulation "was a Montana business corporation."  Compl. ¶
6.  "The [Montana] Secretary of State involuntarily dissolved Robinson Insulation

4

on December 1, 1989."[1]  *Allen v. Atl. Richfield Co.*, 124 P.3d 132, 133 (Mont. 2005).

8.     The State of Montana is a governmental entity.  Compl. ¶ 8.

9.     Libby Public Schools, Libby School District #4, and Asa Wood Elementary School (collectively, the "Libby Schools") "are or were public schools in Lincoln County, Montana."  Compl. ¶ 10.  A "political subdivision of a State . . . is a citizen of the State for diversity purposes."  *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) (quotations omitted).  Schools are political subdivisions under Montana law, *see* Mont. Code Ann. § 2-9-101, and, therefore, the Libby Schools are citizens of the State of Montana.[2]

---

[1] Plaintiff's claims against Robinson Insulation (*e.g.*, product liability claims) are distinct from those against BNSF (*e.g.*, negligent transport) and do not arise from the same transaction or occurrence as their claims against BNSF.  Plaintiff's complaint also contains no allegations indicating that Robinson Insulation has any remaining assets, that Robinson Insulation's shareholders have any remaining assets, or that Robinson Insulation's shareholders are even still alive such that plaintiff could sue Robinson Insulation under Montana's "defunct" corporation statutes, Mont. Code Ann. §§ 35-1-936, 35-1-937.  Plaintiff's allegations against Robinson Insulation, therefore, violate the plausibility requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  If Robinson Insulation was not diverse in this matter, then the claims against it would be fraudulently joined and subject to severance under Fed. R. Civ. P. 21.

[2] Plaintiff's claims against the Libby Schools (*e.g.*, premises-based exposures) are distinct from those against BNSF (*e.g.*, negligent transport) and do not arise from the same transaction or occurrence as their claims against BNSF.  If the Libby

10.    The complaint also names Doe defendants, *see* Compl. ¶ 11, but they are irrelevant to any diversity analysis.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

11.    While Montana law prohibits a plaintiff from stating an amount of damages in the complaint, *see* Mont. Code Ann. § 25-4-311 ("In an action for the recovery of money or damages for personal injury or wrongful death, the amount thereof may not be stated in the claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim."), the amount in controversy in this personal injury action exceeds $75,000, exclusive of interest and costs (although BNSF denies plaintiffs' claims against it).  The Complaint alleges that, as a result of the defendants' conduct, Mrs. McDowell "contracted mesothelioma and experienced an excruciatingly painful death and damages."  Compl. ¶ 144. Plaintiff specifically seeks to recover damages for medical expenses, lost earnings, loss of earnings capacity, physical and mental pain and suffering, "loss of and damage to [Mrs. McDowell's] established course and way of life," emotional distress, wrongful death damages, and punitive damages.  *See* Compl. ¶¶ 147-153.

---

Schools were not diverse in this matter, then the claims against them would be subject to severance under Fed. R. Civ. P. 21.

A reasonable and common sense reading of the Complaint supports the plausible conclusion that plaintiff is seeking amounts in excess of § 1332(a)'s jurisdictional threshold.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

12.     Moreover, nothing in the Complaint indicates that plaintiff would refuse any amount in excess of $75,000 (*e.g.*, a waiver of punitive damages, a stipulation not to amend the complaint if a jury verdict in excess of $75,000 is entered, etc.), which other courts have found dispositive in finding federal jurisdiction.  *See, e.g.*, *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 10-4120, 2012 WL 1204734, at *6 (E.D. La. Apr. 11, 2012) ("[T]he allegation here states only that the plaintiffs individually do not seek more than $75,000.00, exclusive of interests and costs.  They do not deny that they would *accept* more than $75,000.  They also do not stipulate that they will not amend their complaint to conform to any eventual jury verdict in excess of $75,000.  Thus, the plaintiffs have failed to establish to a legal certainty that they will not recover more than $75,000." (quotations & citations omitted; emphasis in original)).

**A.     The State of Montana Is Misjoined, and Severing Plaintiff's Claims Against It Is Appropriate to Preserve Diversity Jurisdiction Under Fed. R. Civ. P. 21.**

13.     Plaintiff alleges that the State of Montana was aware of asbestos risks from W.R. Grace's vermiculite mining operations and violated statutory and constitutional duties by failing to warn the residents of Libby about those risks. Compl. ¶¶ 26-77, 104-134.  Plaintiff seeks damages from the State based upon theories of negligence, breach of statutory duties, aiding and abetting W.R. Grace, directing or permitting tortious conduct, and acting in concert with W.R. Grace. Compl. ¶¶ 104-134.

14.     As an initial matter, BNSF understands that plaintiff has recently reached a settlement with the State of Montana, although plaintiff and the State have not yet filed a stipulation of dismissal to BNSF's knowledge.  Once the State is dismissed as a party, this Court would have undisputed diversity jurisdiction over plaintiff's remaining claims.  Even if the Court views the State still a "party," plaintiff's claims against the State are also misjoined and severable pursuant to Fed. R. Civ. P. 21, which is a separate and independent reason why plaintiff's claims against the other defendants are removable to this Court.

15.     The doctrine of misjoinder, applied through Rules 20 and 21 of the Federal Rules of Civil Procedure, permits the Court "to sever claims where the [plaintiff's] joinder [of parties and claims] is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and interest of justice is best served by severance."  *Greene v.*

8

*Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004); *see also Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987) ("practicality prevails over logic and . . . we may dismiss a dispensable, non-diverse party in order to perfect retroactively the district court's original jurisdiction"); *Reinhardt v. Mont. Human Rights Bureau*, No. CV 10-27-H-CCL, 2010 WL 5391280, at *4 (D. Mont. Dec. 17, 2010) (Lovell, J.) ("where a nondiverse defendant is neither necessary nor indispensable to a dispute between private parties, dismissal of the nondiverse defendant is appropriate pursuant to Rule 21(b)." (citing *Fidelity & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 918 (9th Cir. 1979))). "[W]here the non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure, other interests prevail over that of permitting a plaintiff's choice of forum." *Greene*, 344 F. Supp. 2d at 685.

16.    Plaintiff's claims against the State do not arise from the same transaction or occurrence as their claims against BNSF (or the other properly joined defendants), and the State of Montana should be severed as a result. *See, e.g.*, *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (Joinder is inappropriate if each "claim is discrete, and involves different legal issues, standards, and procedures" because, in that circumstance, the "claims do not involve common questions of law or fact. . . . Each claim raises potentially different issues, and must be viewed in a separate and individual light by the

9

Court."); *Cady v. Langton*, No. CV 12-00081-M-DLC, 2012 WL 7989241, at *7 (D. Mont. Nov. 29, 2012) (Plaintiff's "original Complaint and the majority of his Amended Complaint deal with his allegations that he is being illegally detained and denied his right to due process. [His] medical care/personal dignity claims are unrelated to his original claims of due process violations and they involve completely different defendants. They do not arise out of the same transaction, occurrence, or series of transactions or occurrences as [plaintiff's] due process claims and they lack a question of law or fact common to all defendants."), *report & recommendation adopted*, 2013 WL 1764235 (D. Mont. Apr. 24, 2013).

17.    In Montana, joinder of the State is required only if, "in its absence, (1) the court cannot accord complete relief among existing parties, or (2) the State claims an interest relating to the subject of the action, and the State's interest will be impaired or an existing party risks incurring double, multiple, or inconsistent obligations because of the State's absence." *Feit v. Burlington N. & Santa Fe R. Co.*, No. CV 11-01-H-DWM, 2011 WL 1565797, at *2 (D. Mont. Apr. 25, 2011). Here, the theories of liability asserted against the State of Montana are different from those against the other defendants.

18.    The State is alleged to have negligently failed to warn residents about asbestos dangers, failed to provide a safe workplace, and violated constitutional and statutory duties owed to plaintiffs. *See, e.g.*, Compl. ¶¶ 27-45, 76, 109; *see*

10

*also generally Orr v. State*, 106 P.3d 100 (Mont. 2004).  The claims against BNSF relate to its railroad operations and transporting W.R. Grace's vermiculite.  *See* Compl. ¶ 17.  The claims against the State of Montana are predicated on a variety of actions undertaken by the State unrelated to BNSF.  *See, e.g.*, Compl. ¶¶ 47 (failing to take action in response to a "1956 industrial hygiene study by the State Board of Health" "purportedly concluding that "'the asbestos dust and the dust in the air is of considerable toxicity'"), 50 (failing to take appropriate action after receiving a death certificate of a mining worker who died of asbestosis), 106 (failing to "inspect and regulate working conditions at [W.R.] Grace's operation"), 109 (the State communicated "'confidentially' with Grace regarding the hazards of its workplace thereby approving and assisting with concealment of deadly work conditions"), 122 ("The State generated multiple secret and confidential documents concerning the contamination.  The State communicated the contents of those documents only to Grace and Zonolite Company in a concerted effort to insure that the public could not discover the enormous health hazard in Libby.").

19.    Moreover, plaintiff's "safe workplace" allegations against the State are unrelated to BNSF because federal law preempts state regulation of BNSF's "workplace."  *See, e.g.*, 49 U.S.C. § 10501(b)(2) (the Interstate Commerce Commission Termination Act expressly preempts regulation of "the construction, acquisition, operation, abandonment, or discontinuance of . . . [railroad] tracks, or

facilities").  The difference between plaintiff's allegations and claims against the State of Montana and the other properly joined defendants renders the claimed injuries distinct for any joinder analysis.  *See Coughlin*, 130 F.3d at 1351 (joinder improper where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court."); *Cady*, 2012 WL 7989241, at *7 (the plaintiff's constitutional claims and medical claims "do not arise out of the same transaction, occurrence, or series of transactions or occurrences . . . and they lack a question of law or fact common to all defendants").

20.    In the absence of the State, plaintiff can still obtain complete relief for the claimed injuries from BNSF and the other properly joined defendants (although BNSF denies any liability), and a judgment would not affect the State's rights or interests.  *See Miller v. United States*, 583 F.2d 857, 862 (6th Cir. 1978) ("The complaint makes clear that the [plaintiffs] do not seek to hold Michigan responsible for the alleged taking of their property.  A judgment for or against the United States would not bind Michigan or require the court to reach conclusions as to liability on the part of Michigan, since the [plaintiffs] seek damages from the United States, not a return of property now owned by Michigan. . . . We hold that the absence of the State of Michigan as a party-defendant does not prevent the court from adequately addressing the Millers' claim without unfairly affecting

Michigan interests."); *Reinhardt v. Mont. Human Rights Bureau*, No. CV 10-27-H-CCL, 2010 WL 5391280, at *5 (D. Mont. Dec. 17, 2010) ("Because this dispute is a private action between [plaintiff] and BNSF, and because BNSF is otherwise entitled to remove this matter to federal court, and because the State Respondents possess Eleventh Amendment immunity from being haled into federal courts, the State Respondents should be dismissed pursuant to Rule 21(b), Fed. R. Civ. P."). And "[h]ere, severance will not prejudice Plaintiff[], as [he] remain[s] free to pursue [his] claims" against the State in Montana's state courts. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 871 (9th Cir. 2013).

21.     The presence of the State of Montana is not necessary for plaintiff to effectively try his case in any potential lawsuit against BNSF or the other properly joined defendants.  The claims presented against the State, therefore, are misjoined and should be severed pursuant to Fed. R. Civ. P. 21.

## III.  BNSF SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

22.     BNSF's agent for service of process received service of the State Court Action on May 3, 2016.  Removal is timely under 28 U.S.C. § 1446(b) because BNSF is removing the State Court Action within 30 days of receiving service.

23.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where

the State Court Action was pending.

24.     Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and orders served upon the defendants in the State Court Action, which include the Summons and Complaint, are attached hereto as Exhibit A.

25.     A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Exhibit B.  This notice will be promptly provided to the Clerk of the Montana Eighth Judicial District Court for Cascade County and served on plaintiffs.

26.     As of the date this Notice is being filed, there are no other "properly joined and served" defendants from whom BNSF is required to obtain consent.  28 U.S.C. § 1446(b)(2)(A).  BNSF is not required to obtain the consent of any improperly joined defendant.  *See, e.g.*, *St. Vincent v. Werner Enters., Inc.*, No. CV08-73-M-DWM-JCL, 2008 WL 5395754, at *1 (D. Mont. Aug. 1, 2008) (consent must be obtained from all defendants "'except for nominal, unknown or fraudulently joined parties'" (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988))); *see also Flores-Duenas v. Briones*, No. CIV 13-0660 JB/CG, 2013 WL 6503537, at *35 (D.N.M. Dec. 1, 2013) ("procedural misjoinder is an exception to the normal rule requiring all defendants to consent to removal").

WHEREFORE, Defendant BNSF Railway Company respectfully requests

that the above-titled action now pending against it in Montana Eighth Judicial

District Court for Cascade County be removed to this Court.


    Respectfully submitted June 16, 2016.


                              By:  ___/S/_____
                              Anthony M. Nicastro
                              Chad M. Knight
                              Cash K. Parker
                              HALL & EVANS LLC
                              *Attorneys for BNSF Railway*
                              *Company*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 16th day of June 2016, a copy of the foregoing document was served upon the following persons by the following means:

| | |
|---|---|
| _____1____ | CM/ECF |
| _____ | Hand Delivery |
| __2, 3__ | Regular U.S. Mail, Postage Prepaid |
| _____ | Overnight Delivery Service |
| _____ | Facsimile |
| _____ | Email |

1.   Clerk, U.S. District Court


2.   Mark M. Kovacich
     Lewis Slovak & Kovacich P.C.
     P.O. Box 2325
     Great Falls, Montana 59403

     Michael J. George
     Lucero & George LLP
     615 2nd Avenue North, Suite 200
     Great Falls, Montana 59401
     *Attorneys for Plaintiffs*

3.   Dale R. Cockrell, Esq.
     Moore, Cockrell, Goicoechea &
     Johnson, P.C.
     P.O. Box 7370
     Kalispell, MT 59904
     *Attorneys for the State of
     Montana*

By: ____/S/_____
Anthony M. Nicastro
Chad M. Knight
Cash K. Parker
HALL & EVANS LLC
*Attorneys for BNSF Railway Company*

16