# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| TIMOTHY S. McDOWELL, Personal Representative of the Estate of SUSAN K. McDOWELL, Deceased,<br><br>               Plaintiff,<br>vs.<br><br>BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, a Delaware for Profit Corporation; BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware for Profit Corporation; GREAT NORTHERN RAILWAY COMPANY, a Corporation for Profit; ROBINSON INSULATION COMPANY, a Montana Corporation; STATE OF MONTANA, a Governmental Entity; LIBBY SCHOOL DISTRICT #4, ASA WOOD ELEMENTARY SCHOOL; and DOES A-Z, Inclusive;<br><br>               Defendants. | CV 16-67-BMM-JTJ<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

      Plaintiffs moved to remand this case to the Eighth Judicial District of the State of Montana, after Defendants removed the case pursuant to 28 U.S.C. §§ 1441(a) and 1446. (Doc. 13.) United States Magistrate Judge John Johnston issued Findings and Recommendations in this matter. (Doc. 29.) Judge Johnston

1

recommended that the Court grant Plaintiff's motion to remand because complete diversity does not exist between the parties and the United States District Court does not have jurisdiction over this case. Defendant Burlington Northern Santa Fe Railway Company ("BNSF") filed objections. (Doc. 30.) The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C).

## I. BACKGROUND

Plaintiff, Timothy McDowell, is the surviving spouse of Susan McDowell and acts as personal representative of her estate. Mrs. McDowell lived and attended school in Libby, Montana. Plaintiff alleges that she was exposed to hazardous quantities of asbestos-contaminated vermiculite that was discarded from railcars as BNSF transported the material from a mine near Libby, through the community, and on to various destinations throughout the United States. (Doc. 5 at 6.) Plaintiff alleges that one of the locations where Mrs. McDowell came into contact with asbestos-contaminated vermiculite was at her school, Asa Wood Elementary School. (Doc. 5 at 39.)

Plaintiff alleges that all of the asbestos contaminated vermiculite that Mrs. McDowell was allegedly exposed to originated from the mine located near Libby. The State of Montana ("the State") began conducting inspections of the mine in the

2

1950's. Plaintiff alleges that in the course of these inspections, the State determined the vermiculite contained hazardous levels of asbestos yet took no meaningful action to correct the hazard or warn the townspeople of Libby. (Doc. 5 at 8, 11-17.) On May 6, 2011, doctors diagnosed Mrs. McDowell with mesothelioma, a rare cancer most often caused by exposure to asbestos. Eighteen months later, Mrs. McDowell succumbed to the disease. Plaintiff filed this Complaint against BNSF and other defendants, including the State and the Libby School District, alleging each committed torts that led to his wife's death.

## II. DISCUSSION

BNSF objects to Judge Johnston's conclusion that the Montana state court should decide whether the State was properly joined. (Doc. 30 at 3.) BNSF further objects to Judge Johnston's rejection of fraudulent misjoinder as a basis for removal. *Id.* BNSF finally objects to Judge Johnston's finding that the State is more than a nominal party in this matter. *Id.* BNSF requests the Court decline to adopt the Findings and Recommendations, deny Plaintiff's motion for remand, and sever and remand or dismiss Plaintiff's claims against the State. *Id.*

### A. Diversity Jurisdiction

BNSF asserts that this Court has subject matter jurisdiction under U.S.C. § 1332 on the basis of diversity of parties. Plaintiff disputes diversity, noting that the State remains a party to this action.

A strong presumption exists against federal jurisdiction over cases removed from state courts. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal maintains the burden to establish removal is proper. *Id*. Courts must strictly construe the removal statute. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). If any doubt exists that removal is proper, courts must remand. *Id*.

Removal in this case is proper only if there is complete diversity of citizenship–meaning each plaintiff is a citizen of a different state than each properly joined defendant. 28 U.S.C. § 1332; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). The State is a party in this action. A state has no citizenship and therefore cannot have diverse citizenship for purposes of diversity jurisdiction. *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988).

Due to the State's presence as a defendant, complete diversity did not exist at the time this case was removed. BNSF asserts that this Court can find diversity in this case because the State was improperly joined, is a nominal party, or was fraudulently misjoined.

**B. Improper Joinder**

BNSF asserts that Plaintiff's claims against the State and against BNSF fail the permissive joinder test under Fed. R. Civ. P. 20. (Doc. 30 at 9.) A plaintiff may properly join multiple defendants in a single action if the plaintiff's claims against them arise from the "same transaction, occurrence, or series of transactions or occurrences" or share a common question of law or fact. Fed. R. Civ. P. 20. This liberal joinder standard promotes trial convenience and judicial economy without affecting the substantive rights of the parties. *Wheat v. Safeway Stores, Inc*., 404 P.2d 317, 321 (Mont. 1965).

Plaintiff's claims relate to the consequences of the mining and hauling of vermiculite with hazardous levels of asbestos which Plaintiff alleges both BNSF and the State had roles in. Plaintiff alleges that the State conducted inspections of the local vermiculite mine and determined that the vermiculite contained hazardous levels of asbestos. "Despite learning of the health hazard through its inspections,

5

the State took no meaningful action to correct the hazard or to warn individuals exposed to the asbestos-contaminated vermiculite of the hazard." (Doc. 31 at 3, citing Doc. 5 at 8, 11-17.)

Plaintiff alleges that BNSF "carelessly hauled and spread the same asbestos into the community where Susan McDowell lived, and neither the State nor BNSF warned residents of the danger their actions combined to create." (Doc. 31 at 3, citing Doc. 5 at 18, 26.) Plaintiff alleges the activities of both the State and BNSF contributed to the mesothelioma and ultimate death of Susan McDowell.

Plaintiff's choice to combine all defendants in this case streamlines the litigation process. Plaintiff's claims as presented share common questions of law and fact, and meet the liberal joinder standard of Fed. R. Civ. P. 20.

**C. Nominal Party**

BNSF asserts that the Court may exercise its discretion under Rule 21 to sever the State as a nominal party. (Doc. 30 at 24-25.) Courts must ignore "nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). If a party has a substantial stake in the outcome of a case, the party is a "real party in interest," and the nominal defendant rule does not apply. *Bates v. Mortgage Elec.*

*Reg. Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012). When a state's only interest in a matter is enforcing compliance with its laws, the state is a nominal party. *Reinhardt v. Montana Human Rights Bureau*, No. CV-10-27-H-CCL, 2010 WL 5391280, at *2 (D. Mont. Dec. 17, 2010).

Plaintiffs allege that the State committed torts that, along with the conduct of the co-defendants, caused Mrs. McDowell's death. The State has a substantial interest in the outcome of this litigation because the State, along with its co-defendants, faces potential liability. The State, therefore, is not nominal defendant that may be ignored for diversity purposes.

### D. Fraudulent Misjoinder

BNSF argues that because the Ninth Circuit has not rejected "fraudulent misjoinder" as a basis for removing an otherwise diverse case, this Court should adopt the concept to sever Plaintiff's claims against the State and remand those, while maintaining jurisdiction over the rest of the case. (Doc. 30 at 21.)

BNSF asserts that the doctrine of removal based on fraudulent misjoinder was articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). The district court severed a non-diverse

defendant that was not properly permissively joined and denied remand under Fed. R. Civ. P. 21. *Id.* at 1355-56. Under Rule 21, a court may use its discretion to add or drop a party, or to sever any claim against a party. In *Tapscott*, the Eleventh Circuit agreed that the defendants had not been properly joined under Rule 20. *Id.* at 1360. The court also approved of using Rule 21 in the removal context where misjoinder prevented the exercise of federal jurisdiction over an otherwise properly removable case. *Id.* at 1360.

The *Tapscott* court likened fraudulent misjoinder to fraudulent joinder. *Id.* Fraudulent joinder requires defendants to show that the plaintiff has failed to state a valid claim against a resident defendant. "A defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Id.* Judge Johnston found that the State was not fraudulently joined because BNSF did not assert that the negligence claim against the State was invalid on its face. (Doc. 29 at 8-9.) The Court agrees and finds the State is not fraudulently joined in this matter. The Court further declines to adopt "fraudulent misjoinder" in this case.

### III. CONCLUSION AND ORDER

BNSF has failed to show that the State is not a party to this action. Plaintiff did not improperly join the State. Exceptions for nominal party and fraudulent

8

misjoinder do not apply here. Diversity in this case does not exist. This Court, therefore, does not have subject matter jurisdiction.

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 29) is **ADOPTED IN FULL**. Plaintiff's Motion to Remand (Doc. 13) is **GRANTED.** The Clerk of Court shall remand this case to the Eighth Judicial District of the State of Montana.

DATED this 30th day of January, 2017.

Brian Morris
United States District Court Judge